# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA ULUWEHI SCHER,<br><br>                      Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>                      Defendant. | Case No.: 20-CV-1665 W (RBM)<br><br>**ORDER GRANTING MOTION TO PROCEED IFP [DOC. 2] AND REFERRING FOR REPORT AND RECOMMENDATION** |

On August 26, 2020, Plaintiff Theresa Uluwehi Scher ("Plaintiff") filed a complaint seeking review of the denial of her claim for social security disability insurance and supplemental security income benefits under the Social Security Act. Along with the complaint, Plaintiff filed a motion to proceed in forma pauperis ("IFP") (the "Motion" [Doc. 2]).

## I. INTRODUCTION

The determination of indigency falls within the district court's discretion. *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), reversed on

other grounds, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency.").

It is well-settled that a party need not be completely destitute to proceed in forma pauperis. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs ... and still be able to provide himself and dependents with the necessities of life." Id. at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, ... the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F.Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See*, *e.g.*, *Stehouwer v. Hennessey*, 851 F.Supp. 316, (N.D.Cal. 1994), vacated in part on other grounds, *Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995) (finding that district court did not abuse discretion in requiring partial fee payment from prisoner with $14.61 monthly salary and $110 per month from family); *Allen v. Kelly*, 1995 WL 396860 at *2 (N.D. Cal. 1995) (Plaintiff initially permitted to proceed in forma pauperis, later required to pay $120 filing fee out of $900 settlement proceeds); *Ali v. Cuyler*, 547 F.Supp. 129, 130 (E.D. Pa. 1982) (in forma pauperis application denied: "plaintiff possessed savings of $450 and the magistrate correctly determined that this amount was more than sufficient to allow the plaintiff to pay the filing fee in this action."). Moreover, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered the papers submitted, the Court finds that based on the current record, Plaintiff meets the requirements for IFP status under 28 U.S.C. § 1915. According to her declaration, Plaintiff has three children and is going through a divorce.

(*Motion* ¶¶ 7, 9, 11.)  She currently is not receiving child support or alimony and has no other monthly income.  (*Id.* ¶¶ 1, 9.)  Her checking and savings accounts total $212 and her only asset is a 2013 automobile that she estimates is worth $4,000.  (*Id.* ¶¶ 4, 5). Meanwhile, Plaintiff's monthly expenses total approximately $3,555.  (*Id.* ¶ 8.)  Based on these facts, the Court will grant Plaintiff's IFP motion.

## II.     CONCLUSION & ORDER

For the reasons addressed above, the Court **GRANTS** Plaintiff's IFP motion [Doc. 2] and **ORDERS** as follows:

1. The United States Marshal shall serve a copy of the Complaint filed on August 26, 2020 and an accompanying summons upon Defendant as directed by Plaintiff on U.S. Marshal Form 285.  All costs of service shall be advanced by the United States.
2. Defendant shall respond to the Complaint within the time provided by the applicable provisions of the Federal Rules of Civil Procedure.

The Court also hereby **REFERS** all matters arising in this case to United States Magistrate Judge Ruth Bermudez Montenegro for a Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c)(1)(c ).  If the parties seek to file motions, they shall contact the chambers of Judge Montenegro to secure scheduling, filing, and hearing dates.

**IT IS SO ORDERED.**

Dated:  September 22, 2020

_____
Hon. Thomas J. Whelan
United States District Judge